UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; HOWE SOUND MUSIC PUBLISHING LLC d/b/a CYPRESS PARK MUSIC; MUSCLE SHOALS SOUND PUBLISHING CO.; PEERMUSIC III LTD.; EVERLY AND SONS MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>CHELSEA VENTURES, LLC d/b/a VALIANT BAR AND GRILL, FRANK LUSCRI, PAUL RUTTER, and PERRY PORIKOS,<br><br>Defendants. | CIVIL ACTION NO.: 24-cv-12579<br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Howe Sound Music Publishing LLC is a corporation d/b/a Cypress Park Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Peermusic III Ltd. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Phillip Everly Family Trust is a Trust d/b/a Everly And Sons Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Muscle Shoals Sound Publishing Co., a division of Northside Partners, is a partnership. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Defendant Chelsea Ventures, LLC is a limited liability company organized and existing under the laws of the state of Michigan, which operates, maintains and controls an establishment known as Valiant Bar and Grill, located at 1120 South Main St., Chelsea, MI 48118, in this district (the "Establishment").

10. In connection with the operation of the Establishment, Defendant Chelsea Ventures, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

11. Defendant Chelsea Ventures, LLC has a direct financial interest in the Establishment.

12. Defendants Frank Luscri, Paul Rutter, and Perry Porikos are members of Defendant Chelsea Ventures, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

13. Defendants Frank Luscri, Paul Rutter, and Perry Porikos have the right and ability to supervise the activities of Defendant Chelsea Ventures, LLC and a direct financial interest in that LLC and the Establishment.

3

## CLAIMS OF COPYRIGHT INFRINGEMENT

14. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 13.

15. Since February 2023, BMI has reached out to Defendants over eighty (80) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

16. Plaintiffs allege three (3) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

17. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the

three (3) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

18. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

19. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

20. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the

musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

21. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

22. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II)   Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV)   Plaintiffs have such other and further relief as is just and equitable.

Dated: September 30, 2024　　　　　　　　　　**Howard & Howard Attorneys PLLC**

　　　　　　　　　　　　　　　　　　　　　　__/s/Patrick M. McCarthy_____
　　　　　　　　　　　　　　　　　　　　　　By:  Patrick McCarthy
　　　　　　　　　　　　　　　　　　　　　　450 West Fourth Street
　　　　　　　　　　　　　　　　　　　　　　Royal Oak, MI 48067-2557
　　　　　　　　　　　　　　　　　　　　　　Phone: (248) 723-0332
　　　　　　　　　　　　　　　　　　　　　　pmccarthy@howardandhoward.com

　　　　　　　　　　　　　　　　　　　　　　*Attorney(s) for Plaintiffs*

4881-1920-1769, v. 1

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Country Boy Can Survive a/k/a  A Country Boy Can Survive |
| Line 3 | Writer(s) | Randall Hank Williams a/k/a Hank Williams, Jr. |
| Line 4 | Publisher Plaintiff(s) | Howe Sound Music Publishing LLC d/b/a Cypress Park Music |
| Line 5 | Date(s) of Registration | 7/20/81 |
| Line 6 | Registration No(s). | PAu 316-103 |
| Line 7 | Date(s) of Infringement | 06/29/2024 |
| Line 8 | Place of Infringement | Valiant Bar and Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Old Time Rock And Roll a/k/a Old Time Rock 'N Roll |
| Line 3 | Writer(s) | George Jackson; Thomas E. Jones, III |
| Line 4 | Publisher Plaintiff(s) | Thomas J. Couch, Stewart M. Madison and Gerald B. Stephenson, a partnership d/b/a Muscle Shoals Sound Publishing Co., a division of Northside Partners; Peermusic III Ltd. |
| Line 5 | Date(s) of Registration | 11/11/77 |
| Line 6 | Registration No(s). | Ep 375950 |
| Line 7 | Date(s) of Infringement | 01/21/2024 |
| Line 8 | Place of Infringement | Valiant Bar and Grill |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 3 | |
| Line 2 | Musical Composition | When Will I Be Loved | |
| Line 3 | Writer(s) | Phil Everly | |
| Line 4 | Publisher Plaintiff(s) | Phillip Everly Family Trust, Patrice Y. Everly and Phillip Jason Everly, Co-Trustees d/b/a Everly And Sons Music | |
| Line 5 | Date(s) of Registration | 1/11/88 | 5/16/60 |
| Line 6 | Registration No(s). | RE 371-045 | Ep 141392 |
| Line 7 | Date(s) of Infringement | 01/20/2024 | |
| Line 8 | Place of Infringement | Valiant Bar and Grill | |